### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF CHESHIRE, OCTOBER TERM,

### A. D. 1827.

---

## Moses Fisher *versus* Glover and another.

Where a town had granted to an individual the exclusive right to the use of a pew in their meeting house, located in a particular place, it was held that there was in the nature of the grant an implied reservation of a right to the town to remove the meeting house to such place as would best accommodate the town ; and that an action could not be maintained by the owner of the pew against the agents of the town for a disturbance in the use of the pew by a removal of the meeting house in pursuance of a vote of the town.

This was an action of trespass on the case, for pulling down and carrying away a pew in the meeting house in Walpole, belonging to the plaintiff, whereby the plaintiff was deprived of the use of the same from the 3d March, 1826, to the 28th August in the same year.

The cause was tried here upon the general issue at May term, 1827, when it was admitted that the meeting house in which the said pew was situated was the property of the town of Walpole ; that the plaintiff was the legal owner of the said pew ; that the defendants, in pursuance of a vote of the town passed at a meeting duly holden, removed the said meeting house from the place where it for-

merly stood, to a place about one mile farther from the residence of the plaintiff, that no injury was done to the pew itself rendering it less valuable or convenient, and that the plaintiff was no further interrupted in the use of the pew than was necessary for the purpose of removing the meeting house.

A verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Field*, for the defendants.

*H. Hubbard*, for the plaintiff.

RICHARDSON, C. J. The grievance of which the plaintiff complains, is, that he was for a certain time deprived of the use of his pew in the meeting house in Walpole by these defendants. Their answer to this complaint is, that they deprived him of the use of the pew only so far as was necessary in removing the meeting house in pursuance to a vote of the town. The question is, have towns a right to remove their meeting houses from one place to another, when the pews in the same are the property of individuals?

Meeting houses are erected for the purpose of public worship, and are usually intended to be so located that all who belong to the society, may conveniently assemble in them for that purpose. They belong to the society which erects them; but it is usual to grant to individuals the exclusive use of pews, and these grants give to those individuals certain rights, which are to be protected. The rights thus acquired, are however limited, and are in our opinion subject to the right of the society to have the meeting house in such place as will best accommodate the whole. A reservation of this right is implied in the grant of a pew in a house of public worship. The convenience of individuals must in such cases be subject to the general convenience of the whole, and whoever purchases a pew purchases it subject to this right of the society. The population in particular parts of towns is perpetually varying and a meeting house which twenty years

ago might have been well situated to accommodate a religious society, may now be most inconveniently situated for that purpose. And it would be singular indeed, if a society could not place its meeting house in a place most convenient for the accommodation of the whole, because pews in it had been granted to individuals.

The right of the town in this case to remove their meeting house, is in our opinion unquestionable. 17 Mass. Rep. 435, *Gay* v. *Baker ;* 1 Pick. 102, *Daniel* v. *Wood.*

The verdict must therefore be set aside and the plaintiff be nonsuit.